IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BENNIE DAVID GUY,                                           PLAINTIFF
ADC #72720

V.                                No. 4:12-cv-481 KGB

LISA CALHOUN CHANNELL,
DNA Examiner, Arkansas State Crime Lab, et al.          DEFENDANTS

## ORDER OF DISMISSAL

### I. Introduction

Plaintiff, Bennie David Guy, is a prisoner in the Cummins Unit of the Arkansas Department of Correction. He has recently filed a *pro se* § 1983 Complaint alleging that defendants violated his constitutional rights.

### II. Discussion

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

In 1996, plaintiff pled guilty to related rape charges in the Crittenden and St. Francis County Circuit Courts. Over the years, plaintiff has filed at least four unsuccessful federal habeas petitions and § 1983 actions challenging those convictions. *See Guy v. Norris*, 5:03CV00466 JMM; *Guy v.*

*Parkman*, 2:10CV00066 SWW; *Guy v. Hobbs*, 5:11CV00233 JMM; *Guy v. Laxton*, 3:11CV00084 DPM.

In this § 1983 action, plaintiff seeks damages from defendants Lisa Calhoun Channell and Kermit Channell for allegedly violating his substantive due process rights by falsifying DNA evidence that was used against him in the Crittenden County rape case.

Plaintiff knows, from an earlier § 1983 action, that he must first have his Crittenden County rape convictions reversed, questioned, or called into doubt by the highest state court or a federal habeas court before he can seek damages under § 1983.[1] *Muhammad v. Close*, 540 U.S. 749, 750-51 (2004); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Because he has failed to obtain such relief, he cannot proceed with this § 1983 action.

### III. Conclusion

IT IS THEREFORE ORDERED THAT this case is DISMISSED, WITHOUT PREJUDICE. The Court further CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal would not be taken in good faith. The dismissal of this action constitutes a "STRIKE," as defined by 28 U.S.C. § 1915(a)(3).

SO ORDERED this 10th day of September, 2012.

Kristine G. Baker
United States District Judge

---

[1] In *Guy v. Laxton*, 3:11CV00084 DPM, plaintiff alleged that his attorney and a county investigator entered into a conspiracy to withhold exculpatory DNA evidence. The Court dismissed that § 1983 claim, without prejudice, because plaintiff's Crittenden County rape conviction had not been reversed, questioned or called into doubt by the highest state court or federal habeas court. The Eighth Circuit *affirmed* that ruling. *Guy v. Laxton*, 2011 WL 5119537 (8th Cir. Oct. 28, 2011) (unpublished decision).